UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM A. CRAFT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:11-CV-37 JM ) |
| LOGANSPORT STATE HOSPITAL, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

William Craft, a *pro se* prisoner, filed a complaint and a petition for leave to proceed *in forma pauperis*. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has:

> on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. The records of this court establish that the disposition of three cases filed by Mr. Craft qualify as "strikes" within the meaning of §1915(g):

(1) *William Craft v. Herbert Newkirk, et al.,* 3:02-CV-042 AS, dismissed on June 16, 2003, pursuant to the defendants' motion to dismiss;

(2) *William A. Craft v. Rick Seniff*, 3:02-CV-336 RM, dismissed on May 30, 2002, pursuant to 28 USC § 1915A; and

(3) *William Craft v. John R. VanNatta*, 3:02-CV-555 RM, dismissed on August 16, 2002, for failure to state a claim;

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Craft's complaint seeks only monetary damages based on a claim "for racial discrimination because I am a sex offender." (DE # 1 at 5.) Based on the facts stated in this complaint, it would not be a reasonable inference that the conditions he complains of pose a threat of imminent danger of serious physical injury. Additionally, monetary damages would not provide relief for such conditions even if they posed such a risk.

The records of this court also show that on November 18, 2003, in *William Craft v. State of Indiana, et al.*, 3:03cv826 RM, this court advised Mr. Craft that he was three struck, denied him *in forma pauperis* status, and ordered him to pay the full filing fee if he wished to proceed in that case. Future attempts by Mr. Craft to proceed *in forma pauperis* where he is not in imminent danger of serious physical injury may result in his being restricted as provided for in *Sloan v. Lasza*, 181 F.3d 857, 859 (7th Cir. 1999).

Mr. Craft may still proceed with this action, but to do so he must pay the full amount of the filing fee. For the foregoing reasons, the court:

(1) **DENIES** plaintiff's motion to proceed *in forma pauperis* (DE # 2);

(2) **AFFORDS** him to and including March 9, 2011, within which to pay the $350.00 filing fee, and

(2) **ADVISES** him that if he does not pay the filing fee by that date, his case may be dismissed without further notice without affecting his obligation to pay the filing fee.

**SO ORDERED**.

Date: February 9, 2011

                                            s/James T. Moody  
                                            JUDGE JAMES T. MOODY  
                                            UNITED STATES DISTRICT COURT